W. B. BEDENBAUGH, as Liquidator of the Merchants & Planters Bank of Sneeds, v. L. C. BUTLER, *et al.*

193 So. 87
Division B
Opinion Filed January 12, 1940

*James H. Finch,* for Appellant;

*Thomas E. Walker,* for Appellees.

PER CURIAM.—W. B. Bedenbaugh, as Liquidator of the Merchants & Planters Bank of Sneads, brought his creditors bill against L. C. Butler and others, seeking to have set aside a deed from L. C. Butler to Eva D. Butler, his wife, conveying Lots 1, 2, 3 and 4 of Block 1, Town of Sneads, and to have applied to his judgment against L. C. Butler, the surplus funds remaining from the sale at foreclosure by another party of Lot 1.

The record shows that on January 20, 1932, L. C. Butler borrowed $1,000.00 from the Merchants & Planters Bank of Sneads, for which loan he gave his promissory note in that amount. The note not having been paid, on December 12, 1936, plaintiff brought suit thereon, and, on February 11, 1937, secured judgment for $1,157.21, together with costs. Execution issued on that judgment was returned *nulla bona.* Prior to this, on August 15, 1936, L. C. Butler executed a deed to Eva D. Butler, his wife, conveying Lots 1, 2, 3 and 4 of Block 1, Town of Sneads. Lot 1 became encumbered with a mortgage in favor of Mrs. Foy Ferrell Reynolds, which mortgage was foreclosed, the property sold, and, after

all foreclosure expenses were paid and the final decree satisfied, a surplus of $974.30 remained, being held by a receiver appointed by the chancellor.

The bill of complaint contained allegations that L. C. Butler owned the lots in question and that the conveyance was fraudulent as to plaintiff because defendant was in failing circumstances at the time, together with other appropriate allegations for a creditors bill.

The answer of defendants, after denying the material allegations of the bill, set up the following defense:

"And these defendants further answering saith that C. J. Butler, the father of the said L. C. Butler, died in 1922 and his wife died in 1911, and he was survived by one heir only, the said L. C. Butler. That the said C. J. Butler was seized and possessed of all of said lots less the E½ of Lot 4, until the year 1914. That in the year 1914 the said Eva D. Butler was living in Jacksonville, Florida, making that place her home, and the said C. J. Butler came to Jacksonville, Florida, and promised this defendant, Eva D. Butler, that if she would come back to Jackson County, Florida, to live and take care of him he would make her a gift of all of the lots involved in this suit, less the E½ of said lot No. 4. That this defendant, Eva D. Butler, relying on his promises returned to Jackson County, Florida, and went into possession of said lots and lived on Lot No. 1, and during which time and up to the time of the said C. J. Butler's death, before the gift and after the gift, of said lots, this defendant, Eva D. Butler, rendered personal services to the said C. J. Butler, giving him her attention and personal care, cooking for him, mending his clothes, caring for him while he was sick, and many other miscellaneous things.

"The said C. J. Butler at that time was advanced in age

and no one else to look after him. The said C. J. Butler became indebted to your defendant, Eva D. Butler, and because of such the said C. J. Butler made her a gift of the lots embraced in this cause. That Eva D. Butler went into possession of said lots under the circumstances and made valuable improvements to same with the consent of C. J. Butler. Some of the improvements consisted of planting pecan trees, building a garage and painting the building on said lot No. 1 and fixing the sidewalks around the premises with concrete copings, and putting a substantial fence which encloses all of said lots, which cost this defendant, Eva D. Butler, a considerable amount of money, and said gift of said lots was considered compensation for services rendered the said C. J. Butler by the said Eva D. Butler for many years and up to the time of his death.

"That about that time this defendant, Eva D. Butler, acquired fee simple title to the E½ of Lot No. 4 in Block No. 1 in the Town of Sneads, Florida, by virtue of a deed of conveyance made to this defendant which deed was never recorded and was lost.

"This defendant avers that at that time said C. J. Butler was a man of considerable wealth, approximately worth $100,000, which consisted of thousands of acres of land and lots and other property, and it was a common occurrence for the said C. J. Butler to give this defendant, who was his only daughter-in-law, handsome gifts such as a piano, automobile and many other valuable things. That ever since this defendant, from the year 1914, she has been in possession of said lots and when she was not living on them rented said property to various parties and received the money for the rent in her own right.

"Wherefore these defendants saith that the said Eva D. Butler is seized and possessed of all of said lots in her

own right by virtue of said gift from the said C. J. Butler, and the said defendant, L. C. Butler, has never had any right, title or interest in said lots and has never claimed any, and because of such he made the deed in question on August 15th, 1936, purporting to convey said lots to Eva D. Butler for the purpose only of removing any cloud on her title, if there was any.

"And these defendants further answering saith that for twenty years or more the defendant, Eva D. Butler, has been in continuous, open, actual and adverse possession at all times, claiming all of the aforesaid lots as her own exclusively against the claim of all others, under a substantial fence that encloses all of said property."

The chancellor entered a final decree finding for the defendants, dismissing the bill, and ordering the receiver to pay over the surplus money from the foreclosure of the mortgage on Lot 1 to the attorney of record for defendants.

It was stipulated by the parties that Eva D. Butler owned the E½ of Lot 4. There was substantial evidence before the chancellor to sustain the contention of defendants that the property involved, Lots 1, 2, 3 and W½ of Lot 4, was given to Eva D. Butler by C. J. Butler during his lifetime, in exchange for her promise to care for him, which she did from 1914 until his death in 1922; that she occupied the property, improved it and fenced it in; that C. J. Butler owned Lot 1 and the W½ of Lot 4 in 1914 when the parties moved from Jacksonville to Sneads, and in 1919 purchased Lots 2 and 3 and gave them to Eva D. Butler though the deed was made to C. J. Butler; that C. J. Butler died intestate in 1922, leaving as his sole heir, his son, L. C. Butler; that L. C. Butler executed the conveyance of the property to Eva D. Butler in 1936 in order to clear her title to the property, if such was necessary.

There was conflicting evidence on material points in controversy, of course, but there was substantial evidence supporting the finding of the chancellor, and since it has not been made to appear that the chancellor was clearly in error in reaching the conclusion he did, we must affirm the final decree.

Affirmed.

WHITFIELD, P. J., BROWN and CHAPMAN, J. J., concur.

THOMAS, J., concurs in opinion and judgment.